IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JARON LAMAR BRIGNAC,

        Plaintiff,                    No. 2:09-cv-1614 MCE EFB P

        vs.

JAMES TILTON, et al.,

        Defendants.               FINDINGS AND RECOMMENDATIONS

      Plaintiff is a former state prisoner proceeding without counsel. Plaintiff commenced this action in the Sacramento County Superior Court. Defendant Tilton removed this action to federal court and requested that the court screen plaintiff's complaint pursuant to 28 U.S.C. § 1915A. Upon screening the complaint, the court found that the allegations were sufficient to state a cognizable claim against defendant Tilton and defendant Moazam. On November 23, 2010 defendant Tilton moved to dismiss this action for failure to state a claim. Plaintiff did not oppose the motion, but did file an amended complaint. The court then granted the motion to dismiss and found that the amended complaint was properly filed. In the amended complaint, plaintiff alleges that defendants improperly took funds from his prison trust account to pay off a restitution fine order that plaintiff had already paid in full. *See* Dckt. No. 15.

////

1    Federal courts must engage in a preliminary screening of cases in which prisoners seek
2 redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.
3 § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion
4 of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which
5 relief may be granted," or "seeks monetary relief from a defendant who is immune from such
6 relief." *Id.* § 1915A(b).

7    The Due Process Clause protects prisoners from being deprived of property without due
8 process of law, *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), and prisoners have a protected
9 interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). The
10 United States Supreme Court has held, however, that "an unauthorized intentional deprivation of
11 property by a state employee does not constitute a violation of the procedural requirements of the
12 Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for
13 the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). California provides an
14 adequate postdeprivation remedy. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per
15 curiam).

16    Here, plaintiff alleges an intentional and unauthorized deprivation of his property.
17 Plaintiff's claim fails because plaintiff has an adequate post deprivation remedy under California
18 law. *See Barnett*, 31 F.3d 813 at 816 ("[A] negligent or intentional deprivation of a prisoner's
19 property fails to state a claim under section 1983 if the state has an adequate post deprivation
20 remedy."). The complaint therefore fails to state a claim arising under federal law. Moreover,
21 the deficiencies in plaintiff's claim cannot be cured by further amendment, and plaintiff should
22 not be granted further leave to amend. *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011)
23 ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear
24 that the deficiencies of the complaint could not be cured by amendment." (internal quotation
25 marks omitted)); *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court
26 should grant leave to amend even if no request to amend the pleading was made, unless it

determines that the pleading could not be cured by the allegation of other facts.").

To the extent any state law claims remain, it is within the court's discretion to exercise supplemental jurisdiction over them. *Carlsbad Tech., Inc. v. HIF BIO, Inc.*, 129 S. Ct. 1862, 1866-67 (2009); *Albingia Versicherungs A.G. v. Schenker Int'l Inc.*, 344 F3d 931, 936 (9th Cir. 2003); 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction . . . .)." "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness, and comity-will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988). Indeed, "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of the applicable law." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). In this case, the court finds it is in the interests of judicial economy, convenience, fairness, and comity, to remand any remaining state law claims. *See* 28 U.S.C. § 1447(c).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. All claims purportedly arising under federal law be dismissed without leave to amend. *See* 28 U.S.C. § 1915A;

2. All pending motions be denied as moot;

3. Any remaining claims arising under state law be remanded to the Sacramento County Superior Court; and

4. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

3

"Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 21, 2012.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE